57 F.3d 1080
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Chung HOWARD, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF THE ARMY, John W. Shannon,
Acting Secretary of the United States Department
of the Army, Defendant-Appellee.
 No. 94-6300.
 United States Court of Appeals, Tenth Circuit.
 June 13, 1995.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Chung Howard appeals from an order of the district court denying certain equitable relief in this discrimination suit filed pursuant to Title VII as amended by the Civil Rights Act of 1991(Act), 42 U.S.C.2000e to 2000e-17. We have jurisdiction under 28 U.S.C. 1291.[2]
 
 
 4
 The Act prohibits discrimination in federal employee personnel actions on the basis of race, color, religion, sex, or national origin. 42 U.S.C.2000e-16(a). Ms. Howard, an Army employee, alleged in this suit that her employer retaliated against her for filing an EEO complaint. Among other allegations, Ms. Howard maintained that a superior, William Weske, gave her lower performance appraisals than she deserved in 1992, 1993, and 1994, on account of retaliation. The legal claim was tried to a jury, which found for Ms. Howard and awarded her $75,000 in compensatory damages. The parties subsequently agreed to some items of equitable relief. In addition, however, Ms. Howard requested that her performance appraisals be raised and that defendant be enjoined from further acts of reprisal. The district court, without elaboration, enjoined only William Weske from further acts of retaliation against Ms. Howard. As for the request that her performance evaluations be raised, the district court denied relief, reasoning that the jury was the trier of fact and that no special interrogatories had been given to the jury to determine which of defendant's acts were retaliatory.
 
 
 5
 Ms. Howard argues on appeal that the district court should have made findings of fact not specially made by the jury in order to decide her request for equitable relief. We agree. The court was "bound by the jury's determination of factual issues common to both the legal and equitable claims." Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1443 (10th Cir.1988). Under Fed.R.Civ.P. 52, however, the district court was required to make any additional findings of fact and conclusions of law necessary to decide the equitable claims. The rule serves three purposes: (1) the court of appeals is provided a clear understanding of the basis of the district court's decision; (2) the issues decided are defined for the application of res judicata and estoppel later; and (3) the district court is led to take care in determining the facts. Colorado Coal Furnace Distribs., Inc. v. Prill Mfg. Co., 605 F.2d 499, 507 (10th Cir.1979). The district court made no findings of fact in deciding Ms. Howard's request for equitable relief. Therefore, we must remand the case for additional proceedings.
 
 
 6
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED IN PART and REVERSED IN PART, and the case is REMANDED for additional proceedings consistent with this order and judgment.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Ms. Howard also originally argued that she was entitled to prejudgment interest on her compensatory damages award. She conceded this issue in her reply brief, however, and we therefore affirm the district court on this point without discussion